No. 48,595

STATE OF KANSAS, *Appellee,* v. DONALD L. HOLTHAUS, *Appellant.*

(564 P.2d 542)

Opinion filed May 14, 1977.

*Michael K. Schmitt*, of Hiawatha, argued the cause and was on the brief for the appellant.

*Samuel L. Schuetz*, county attorney, argued the cause and *Curt T. Schneider*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a conviction of criminal damage to property with a value of more than $50 and two counts of temporary deprivation of property, contrary to the provisions of K.S.A. 21-3720 and K.S.A. 21-3705, respectively.

The facts pertaining to the questions raised on appeal are not in serious dispute.

In the early morning hours of November 9, 1975, officers of the Hiawatha Police Department were alerted of a possible burglary at Town and Country Motors, an automobile dealership located in Hiawatha, Kansas. Upon arriving at the scene, they found a door at Town and Country Motors had been smashed in. There were pieces of broken wood and glass around the door. Upon entering the building, officers found a cutting torch lying by the safe, and the safe appeared to have been tampered with.

The chief of police of the Hiawatha Police Department soon arrived at the scene to investigate the occurrence. While there, Chief Shaver observed a white pickup drive by on two occasions; he noted the driver seemed particularly interested in the activities around Town and Country Motors. The chief left the dealership a short time later in his private car and shortly thereafter found

himself behind the white pickup he had seen earlier. Following the pickup as they approached an intersection, the chief noted a patrol car to the left of the intersection and observed the driver of the pickup appear to become nervous about the patrol car. The chief stopped and talked to the officer in the patrol car briefly, and then they both proceeded together. They soon observed the white pickup parked in a parking lot beside the Hiawatha Savings and Loan. They pulled in to investigate.

As the two officers approached the parked pickup, they could see no one inside. Upon drawing closer, they could see the driver had scooted down in the seat. The driver was asked for his driver's license, and he produced it. He was the defendant, Donald L. Holthaus. The defendant was asked why he was there, and he replied he had stashed some beer earlier and had come back to pick it up. Chief Shaver observed two bottles of beer in the front seat of the pickup which, in his opinion, was a violation of a city ordinance. A sign on the door of the pickup indicated it belonged to the Hiawatha Implement Company, the local John Deere dealer. When asked why he was driving the pickup, the defendant said the security guard at Wilde's Tool Factory had authorized him to use the vehicle. The defendant further stated he was going to borrow the Moore car, but could not and had been loaned the pickup instead. Chief Shaver thought this sounded a little peculiar and instructed an officer who was there to take the defendant to the police station until such time as they could determine what was going on. The defendant was taken to the police station and placed in the chief's office.

The chief dispatched an officer to check with the guard at Wilde's Tool Factory. He returned to report that the guard knew nothing of the defendant or the vehicle that he was driving. Another officer reported that a car parked near Town and Country Motors appeared to have been used to knock down the door. The rear of the car was damaged and had paint and broken glass on it, indicating it had crashed into the door. The car was subsequently identified as belonging to Harry Moore. Another officer stated that he had seen the defendant driving the Moore car earlier in the evening.

With this information, Chief Shaver proceeded to his office, advised the defendant of his rights and placed him under arrest. The defendant stated he understood his rights and signed a statement to that effect.

It should also be noted that an extemporaneous statement was made by the defendant as he was being taken to the police station to the effect, "It was all a mistake, I had just taken the truck for a joy ride." The State did not attempt to introduce this statement in evidence.

A coat and a pair of shoes were taken from Mr. Holthaus and sent to the KBI lab to determine if any evidence could be found on the clothing which would place Mr. Holthaus near the scene of the burglary.

At trial, a KBI laboratory technician identified the shoes as being a pair examined by him. He ran a microscopic examination of both of the shoes, particularly around the soles, and they were found to be fairly clean. There were small bits of crushed glass and bits and pieces of sand and a small amount of soil on them, and small fragments of glass were present. The glass fragments were too small for comparison.

The shoes were not received in evidence, but the testimony was permitted to stand.

The defendant, Holthaus, was charged with one count of burglary under K.S.A. 21-3715, one count of criminal damage to property with the value of more than $50 under K.S.A. 21-3720 and two counts of temporary deprivation of property under K.S.A. 21-3705. After trial to a jury, the defendant was found guilty of one count of criminal destruction of property of a value of more than $50 and guilty on two counts of temporary deprivation of property. He was acquitted on the charge of burglary. The defendant has appealed.

The appellant's entire claim of error is based on the contention the district court erred in failing to suppress evidence which was obtained from the appellant following his arrest without a warrant and without reasonable grounds to believe he had committed a crime.

Although the appellant's counsel has labored diligently, we are unable to find merit in the contention.

In *State v. Boone*, 220 Kan. 758, 556 P. 2d 864, we held in paragraph three of the syllabus:

"Under appropriate circumstances, a police officer may approach and stop a person in an appropriate manner for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."

We also stated at page 764 of the opinion in *Boone,* supra:

"The appellant contends that when the officers confronted him with guns drawn, his freedom to leave was restrained and he was under arrest. Since at that moment the officers had only a reasonable suspicion of his involvement in a crime, but not probable cause to arrest, the appellant asserts his arrest was illegal and all fruits of the subsequent search tainted. We do not agree.

"When a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person. *City of Garden City v. Mesa,* [215 Kan. 674, 527 P.2d 1036 ]. There can be a 'seizure' of a person in the Fourth Amendment sense even where there is no formal arrest. *Terry v. Ohio,* [392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868 ].

" 'Arrest' as defined in the Kansas Code of Criminal Procedure contemplates more than the temporary restraint of a person by a law enforcement officer. Rather, it is the restraint of a person in order that he or she may be forthcoming to answer for the commission of a crime. See K.S.A. 22-2202 (3) (1975 Supp.) and K.S.A. 22-2202 (7) (1975 Supp.)."

There is no claim made by the State that when the chief of police sent the appellant to the police station there was probable cause for arrest. He was simply being detained until his story of how he came in possession of the truck could be checked out. When his story was proved untrue, he was arrested. At that time the arresting officer had the information heretofore set out, including the fact that the appellant had no authority to drive the truck.

We conclude the facts and circumstances known to the arresting officer were sufficient to warrant a man of reasonable caution to believe that an offense had been committed by the appellant.

We refrain from considering matters of evidence involved in the motion to suppress which were never submitted to the trier of fact and could not have in any way affected the verdict.

The conviction is affirmed.